IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MURPHY, <br> AIS # 178043, <br><br> Plaintiff, <br><br> v. <br><br> ALABAMA DEPARTMENT OF <br> CORRECTIONS, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 3:25-CV-212-WKW <br> ) [WO] <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM OPINION AND ORDER**

### I.  INTRODUCTION

Plaintiff Michael Murphy filed this *pro se* complaint under 42 U.S.C. § 1983. (Doc. # 1.)  In his complaint, Plaintiff originally named eight Defendants:  the Alabama Department of Corrections (ADOC); Pedehel P. Martin; Artavia Russell; Syketrious L. Stowes; Cordarius N. Gilbert; YesCare Corp.; Catrina Robbins; and P.A. McAuthor.  However, all claims against Syketrious S. Stowes, Cordarius N. Gilbert, and Catrina Robbins have been dismissed, and they have been terminated as Defendants in this action.  (*See* Docs. # 14, 22.)

Based upon a review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, all claims against the ADOC must be dismissed with prejudice;

however, this action will continue against the remaining Defendants, and service will be ordered as to these Defendants.

## II.  STANDARD OF REVIEW

Plaintiff, an inmate in the custody of the ADOC, is proceeding *in forma pauperis* (IFP).  (Doc. # 11.)  Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review.  Because Plaintiff is seeking redress from a state entity, the complaint also is subject to screening under 28 U.S.C. § 1915A. Sections 1915 and 1915A require the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[1]

A complaint is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).  A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

---

[1] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would be the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical).  Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

Such claims include those where "it is clear that the defendants are immune from suit" and claims alleging infringement of a legal interest that "clearly does not exist." *Id.* (citation omitted).

### III.  PLAINTIFFS 42 U.S.C. § 1983 CLAIMS AGAINST THE ADOC

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

§ 1983.  To state a claim under § 1983, a plaintiff must allege two elements.  First, he must allege a violation of a right protected by federal laws, and second, he must allege that the violation was committed by a person acting under color of law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam).

Plaintiff names the ADOC as a Defendant in this suit.  However, the claims against the ADOC must be dismissed for two reasons.

First, the State of Alabama and its agencies are not "persons" subject to suit under § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).  The ADOC is a state agency and, therefore, is not a suable "person" under § 1983.  *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (recognizing that the Alabama Board of

3

Corrections is a part of the State); Ala. Code § 14-1-1.1 (providing that the ADOC is the successor to the Board of Corrections).

Second, the Eleventh Amendment insulates a state and its agencies from suit unless the state has expressly waived Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 100 (1984), or Congress has abrogated the immunity, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996). "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abrogated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (per curiam) (citing *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990)).

Therefore, all claims against the ADOC will be dismissed with prejudice as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), as these claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Selensky v. Alabama*, 619 F. App'x 846, 848 (11th Cir. 2015) (per curiam) (affirming dismissal of a prisoner's 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) where the Eleventh Amendment prevented the lawsuit). Additionally, the claims must be dismissed because they "seek[] monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(iii); § 1915A(b)(2).

## IV.  CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1) Plaintiff's 42 U.S.C. § 1983 claims against the ADOC are DISMISSED with prejudice;

(2) The Clerk of Court is DIRECTED to terminate the Alabama Department of Corrections as a party to this action;

(3) The Clerk of Court is DIRECTED to (a) send a copy of this Memorandum Opinion and Order to Plaintiff and (b) serve a copy of this Memorandum Opinion and Order, the summons, and the complaint as amended (Docs. # 1, 20, & 22) via certified mail on the remaining Defendants; and

(4) Defendants are ordered to answer or otherwise respond by motion, in accordance with Rule 12 of the Federal Rules of Civil Procedure, within twenty-one (21) days of being served.

It is Plaintiff's responsibility to provide the Clerk's Office with an accurate address for each Defendant.  Without an accurate address, service of process cannot be perfected.  It is also Plaintiff's responsibility to monitor proceedings and make sure that service has been completed.  Except in very unusual circumstances, a person not properly served will not be deemed a party to this case.

If a service recipient will not accept service for a named Defendant, the service recipient is DIRECTED to so advise the court and provide the court with

Defendant's last known address and phone number.  This information may be filed with the Clerk of Court in response to this Memorandum Opinion and Order and may be filed under seal.

    DONE this 24th day of February, 2026.

                                              /s/ W. Keith Watkins
                                        UNITED STATES DISTRICT JUDGE